THE ULSTER AND DELAWARE BLUESTONE COMPANY, Plaintiff, *v.* THOMAS G. CARLIN, Appellant, Impleaded with THE CITY OF NEW YORK, Defendant, and JAMES W. LANE and FREDERICK B. WARNER, Composing the Firm of J. W. LANE & COMPANY, Respondents.

*Contract for sale of stone of two different thicknesses — construed, by practical interpretation, to mean that the price was to be determined by the average thickness of each lot of stone delivered and not by that of the whole amount.*

Where a contract for the sale of a quantity of stone provides that two different classes of stone, distinguished by the average thickness, should be furnished at seven and nine cents a foot, respectively, and the vendors bill the several lots of stone to the vendee according to the average thickness of the stone in each lot and the vendee makes no objection to the rendition of the bills in such form and pays considerable amounts on account of them, but after receiving all the stone raises the objection that the contract price was to be determined by the

average thickness of the entire quantity of stone delivered under the contract, a referee is justified in finding, in accordance with the practical interpretation placed on the contract, that the price was to be determined by the thickness of each separate lot delivered to the vendee.

APPEAL by the defendant, Thomas G. Carlin, from a judgment of the Supreme Court in favor of the defendants, James W. Lane and Frederick B. Warner, composing the firm of J. W. Lane & Company, entered in the office of the clerk of the county of Queens on the 16th day of August, 1901, upon the report of a referee, adjudging that the defendants, James W. Lane and Frederick B. Warner, have a valid lien for $4,915.75 against certain moneys due from the defendant, The City of New York, to the said appellant.

*Henry P. Burr*, for the appellant.

*Francis C. Reed* and *William H. Reed*, for the respondents.

WILLARD BARTLETT, J.:

At the outset of the trial before the referee in this action, it was stipulated "that the sole question now remaining and to be litigated by consent of the defendants Lane and Warner, and of the defendant Carlin, is solely and only as to the amount of moneys due, if anything, for stone furnished by Lane and Warner to the defendant Carlin."

- The contract between the parties was based on a letter from J. W. Lane & Co. to Mr. Carlin, in which they offered to furnish two different classes of stone (distinguished by the average thickness) at seven and nine cents a foot, respectively.  The contention of the appellant is that the price he was to pay was to be determined by the average thickness of the entire lot of stone delivered.  The respondents contend and the referee has substantially found that the price was to be determined by the thickness of each separate lot as delivered to the vendee.  This appears to have been the construction put upon the contract by Mr. Carlin himself, as well as by the respondents.  The lots were billed to him, some at nine cents per foot and some at seven, according to the average thickness of the stone in each.  He made no objection to the bills in this form, but paid considerable amounts on account of them, and raised no question as to the correctness of the classification by the vendors until after he had received all the stone.  Under these circum-

stances, we think that the learned referee was quite justified in enforcing the practical interpretation of the contract which had been adopted by both parties to it.

The judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.